NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**APPLE INC.,**
*Appellant*

**v.**

**FIRSTFACE CO., LTD.,**
*Appellee*

_____

2021-1001, 2021-1002

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2019-00613, IPR2019-00614, IPR2019-01011, IPR2019-01012.

_____

Decided:  September 13, 2021

_____

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for appellant.  Also represented by CHRISTOPHER M. BONNY, East Palo Alto, CA; SAMUEL LAWRENCE BRENNER, Boston, MA; GABRIELLE E. HIGGINS, San Francisco, CA.

CHRISTOPHER GRANAGHAN, Nelson Bumgardner PC, Fort Worth, TX, argued for appellee.  Also represented by EDWARD R. NELSON, III.

_____

Before DYK, LINN, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Apple Inc. appeals four *inter partes* review decisions of the Patent Trial and Appeal Board (Board) finding that Apple did not meet its burden of proving claims 11–14 and 18 of U.S. Patent No. 9,633,373 ('373 patent) and claims 10–13 and 15–17 of U.S. Patent No. 9,779,419 ('419 patent) unpatentable as obvious under 35 U.S.C. § 103(a). *Apple Inc. v. Firstface Co.*, IPR2019-00613, IPR2019-01011, 2020 Pat. App. LEXIS 12595 (P.T.A.B. July 31, 2020); *Apple Inc. v. Firstface Co.*, IPR2019-00614, IPR2019-01012, 2020 Pat. App. LEXIS 12655 (P.T.A.B. July 31, 2020).   For the reasons discussed, we *affirm* the Board's decisions.

The '373 patent is directed to a mobile terminal that includes an activation button for turning on a display. Pressing the activation button also causes certain functions to occur, such as fingerprint authentication, activating the camera, playing music, and a "hands-free function." Independent claim 11 of the '373 patent recites in part:

11.  A method of operating a mobile computing terminal, the method comprises:

. . . the terminal having *a first function and a second function* that are different from each other and *selected from the group consisting of fingerprint authentication, activating the camera, playing music and a hands-free function*;

detecting one-time pressing of the activation button while the terminal is in an inactive state in which the touch screen display is turned off;

in response to the one-time pressing, changing the terminal from the inactive state to an active state in which the touch screen display is turned on; and

in addition to changing to the active state, further

> *performing at least one of the first and second functions without additional user input other than the one-time pressing*; . . . .

'373 patent col. 14 ll. 26–35 (emphases added); *see also* J.A. 283 (Certificate of Correction).  Independent claim 10 of the '419 patent includes similar limitations, but the most pertinent limitation recites:  "in addition to changing to the active state, further *performing a fingerprint authentication function* using fingerprint recognition *without additional user input*."  '419 patent col. 14 ll. 29–31 (emphases added).

Apple's primary argument is a claim construction issue.[1]  "We review the Board's ultimate claim constructions *de novo* and its underlying factual determinations involving intrinsic evidence for substantial evidence."  *Mayne Pharma Int'l Pty. Ltd. v. Merck Sharp & Dohme Corp.*, 927 F.3d 1232, 1240 (Fed. Cir. 2019).  According to Apple, the claim term "performing" means nothing more than "initiating."  In Apple's view, the claim's recitation of "performing . . . without additional user input" means that when the activation button is pressed, the first or second function only must be *initiated* without additional user input, allowing for additional user input before the performance of that function is completed.  The Board rejected this proposed construction and instead construed the claim to require the full performance of the function without additional user

---

[1]   Because the claim construction issues and the specifications are the same for claim 11 of the '373 patent and claim 10 of the '419 patent, our discussion focuses on claim 11 of the '373 patent as representative.  As the *inter partes* petitions were filed after November 13, 2018, the Board applied the claim construction standard articulated in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc) in accordance with its regulation, 37 C.F.R. § 42.100(b).  J.A. 8.

input.  J.A. 41–44.

We hold that the Board correctly construed the claims according to the common and ordinary meaning of "performing."  There is no serious dispute that, in general, "performing" means doing something more than "initiating." Moreover, Apple has not shown that "perform" and "initiate" are used interchangeably in the patent specification. In addition, claim 11 specifically uses both terms, suggesting that "perform" and "initiate" have different meanings. '373 patent col. 14 ll. 51–54 (reciting "wherein at least one of the first and second functions is initiated subsequent to changing to the active state"); *see also* '419 patent col. 14 ll. 61–65 ("initiating a hands-free operation of the terminal"). Nor does the specification demand that "performance" be re-understood to mean something akin to "initiation." Nothing in the specification shows that the patent is concerned only with the problem of "eliminating multiple initiating steps," which Apple argues is why performance must mean initiation.  Appellant Br. 39–41 (citing '373 patent col. 1 ll. 34–35, col. 4 l. 51–col. 5 l.2, col. 6 ll. 66–67, col. 8 ll. 2–5, and corresponding portions of the '419 patent). The cited passages do not mention "initiation" and, further, many of the passages that Apple characterizes as discussing initiation specifically refer to "performance."   Apple also points to Firstface's expert testimony that "the claims of the '373 patent are directed to using the activation button to turn on a touch screen display and *to initiate additional functions (such as fingerprint authentication)* in response to a one-time pressing of the activation button." J.A. 2977 ¶ 75 (emphasis added).  This statement appears consistent with the fact that another part of claim 11 is directed to "initiat[ion]" of a function.  '373 patent col. 14 ll. 51–54.  The expert's statement, however, does not show that the claims must exclude the further requirement that the plain language of the claims calls for:  the full performance of the function without additional user input upon the one-time pressing of the activation button.

We also disagree that "perform" must be construed as "initiate" to avoid improperly reading out claimed embodiments. Appellant's Br. 43. Apple focuses on the "hands-free function," which is one of the claimed options for the "first or second functions." Apple's position is that because the hands-free function necessarily involves a user input—in the form of voice input or voice command—for the function to be completed, "*performing* . . . without additional user input" can only mean that the function is *initiated* without additional user input. However, the specification describes the hands-free function in terms of switching the device into the hands-free communication *mode*. '373 patent col. 9 ll. 21–33 ("Mode Change During Drive"; "it is possible to significantly reduce traffic accident risks by switching the mode of the mobile communication terminal 100 . . . with only a simple operation of pressing the activation button 120 during driving"). This described "hands-free function" does not necessarily include any subsequent voice input. The specification, thus, is consistent with the construction of the hands-free function argued by Firstface and adopted by the Board. J.A. 44 ("the hands-free function could simply be the activation of a microphone"). And the Board's construction of "performing . . . without additional user input" does not read out an embodiment of the claim.

Apple also argues that the specification does not support restricting additional user input during performance of the claimed function, specifically in connection with the fingerprint authentication function. Apple may be correct that the specification does not describe a single user input that both presses the activation button and scans a fingerprint. Indeed, Firstface's response cites only a bare listing of authentication methods without identifying an example in which pressing a button both activates a display and authenticates a user's fingerprint. Appellee's Br. 38 (citing '373 patent col. 8 ll. 13–17). Nevertheless, this potential § 112 written description problem does not raise a strong

enough inference under the circumstances to persuade us that "perform" carries some other meaning than its plain, ordinary one in the context of the '373 and '419 patents.

Lastly, we reject Apple's arguments that are based on issue preclusion, the cross-appeal rule, or claim differentiation. In these IPR proceedings, the Board had found claim 1 of the '373 patent and claim 1 of the '419 patent unpatentable based on certain claim constructions, and Firstface did not appeal those portions of the decisions. But Apple's preclusion and cross-appeal arguments fail because claim 11 of the '373 patent and claim 10 of the '419 patent include a key limitation that sets them apart from the held-unpatentable claims—"without additional user input." That limitation drove the Board's different constructions between the claims. J.A. 40–44; J.A. 175–79. Because "identity of issues" is lacking given this important difference between the claims, issue preclusion and the cross-appeal rule are inapplicable. And Apple's claim differentiation argument fails because the Board did not base its construction of claim 11 on claim differentiation, but rather on the principle that all words in a claim, including "without additional user input," should be given meaning. J.A. 43; *see also* J.A. 178.

Finding that the Board correctly construed the claims to require the relevant function to be fully performed without additional user input, we turn to Apple's secondary arguments that, even accepting the construction, the Board erred in not finding the claims obvious based on an iOS User Guide (iOS)[2] and Griffin.[3] We reject both arguments.

With respect to iOS, we find that Apple failed to

---

[2]    "iPhone User Guide: For iPhone OS 3.1 Software." J.A. 835.

[3]    U.S.    Patent    Application    Publication    No. 2012/0133484.

preserve the argument it presents on appeal. Apple argues to us that iOS teaches a hands-free function that is performed without additional user input because iOS discloses Voice Control that activates a microphone when the home button of the device is pressed.[4] Apple's petition did not identify this theory. *See* J.A. 360 (cross-referencing J.A. 346, 352). Nor did Apple's reply, and Apple does not appear to have made the argument during the oral hearing before the Board.

With respect to Griffin, the Board's findings sufficiently reject Apple's argument that Griffin's "single, continuous unlock action" in combination with Davis's fingerprint authentication meets the "without additional user input" limitation. The Board found that "Griffin discloses an unlock procedure that uses two user inputs." J.A. 45 (citing paragraph "32–25" of Griffin, which we assume should read "32–35"). Paragraph 35 of Griffin states that a "single, continuous unlock action is applied to *two input* mechanisms." Griffin ¶ 35. In other words, even when a user unlocks the device with a single, continuous unlock action, that action is considered by Griffin as a two-input action by the user. During the oral hearing, the Board questioned Apple regarding Griffin's "single, continuous unlock action" and pointed out that a "pressing and then a sliding on the display . . . is a different input mechanism" and that the input mechanisms occur "in different areas." IPR2019-00613, Paper No. 26, pp. 14, 18 (P.T.A.B. May 22, 2020) (Consolidated Oral Hearing); *see* Appellant Br. 61 ("Griffin's disclosure of a single continuous user action was also discussed extensively at the oral hearing."). When the Board reasonably found that

---

[4]    Apple's iOS argument is made only with respect to claim 11 of the '373 patent because claim 10 of the '419 patent specifically requires that "fingerprint authentication" be the function performed "without additional user input."

"Griffin discloses an unlock procedure that uses two user inputs," it rejected Apple's "single, continuous unlock action" argument, a finding that is supported by substantial evidence.  J.A. 45; *In re Nuvasive, Inc.*, 842 F.3d 1376, 1379 (Fed. Cir. 2016) ("We review the PTAB's factual determinations for substantial evidence . . . .").  Because the Board found that even the single, continuous unlock action disclosed by Griffin is a two-input method, that feature cannot meet the "without additional user input" limitation, which requires a single user action, i.e, "one-time pressing of the activation button," to both activate the display and perform a function like fingerprint detection.  Davis, which the Board found also "fails to disclose a single user input that turns on a screen and authenticates a fingerprint, but rather discloses the use of multiple user inputs," cannot cure Griffin's deficiency.  J.A. 45.

For the foregoing reasons, we affirm the Board's decision finding independent claim 11 of the '373 patent and independent claim 10 of the '419 patent, and their dependent claims, were not shown to be unpatentable.

**AFFIRMED**